*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| JODI SCHILLER, | ) |
| Plaintiff | ) |
| v. | ) No. 2:21-cv-00306-NT |
| CHRISTOPHER FERNELD et al., | ) |
| Defendants | ) |

*RECOMMENDED DECISION AFTER REVIEW OF*
*COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)*

The plaintiff originally filed her complaint and an application to proceed *in forma pauperis* (IFP) in the United States District Court for the Southern District of New York. *See* Complaint (ECF No. 2); Request to Proceed IFP (ECF No. 1). That court granted her IFP application and transferred the matter to this court because the plaintiff's complaint is based on events that allegedly occurred in Maine. *See* Order Granting IFP Application (ECF No. 4); Transfer Order (ECF No. 5). The matter is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the court dismiss the plaintiff's complaint.

**I.  Applicable Legal Standard**

The federal IFP statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding IFP, however, "the court shall dismiss the case at any time if the court determines[,]" among other things, that the action is "frivolous or malicious" or "fails to state a claim on which

1

relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although an unrepresented plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

## II. Factual Background

The plaintiff's complaint names the following defendants: Christopher Ferneld, Ethan Shaw, Laura Shaw, Steve Cohen, Knox County, the State of Maine, the Federal Bureau of Investigation (FBI), and Benjamin Douglas. *See* Complaint at 1-5. Much of the complaint, which is handwritten on a court-issued form, is either illegible or unintelligible. Among other things, the plaintiff alleges that she was wrongfully convicted, reported strange criminal activity to the FBI, was forced into sex slavery for two years, had spies sent after her who sexually assaulted her and tried to kill her, and continues to be in extreme danger. *See id.* at 2, 5-6. She contends that her civil rights have been violated and seeks relief from "[t]he layers of corruption, cruelty, ignoring [her], working with our enemies, breaking so many laws, [and] violating so many of [her] rights[.]" *Id.* at 6. She states that "[n]o amount of money can make this right." *Id.*

## III. Discussion

### A. Ferneld & Knox County

The plaintiff alleges that Ferneld, as a Knox County assistant district attorney, "lied to the press in an effort to wrongfully convict" her, "pressured a psych ward . . to try to put" her "away before a trial[,]" and put her "in jail for 2 days for attempting to go to the press." Complaint at 2. Because these allegations all relate to Ferneld's role as a prosecutor, he is immune from suit under the doctrine of absolute prosecutorial immunity. *See Fulton v. Worcester Superior Ct. Dep't*,

3

CIVIL ACTION NO. 18-cv-40048-DHH, 2018 WL 3637974, at *2 (D. Mass. July 31, 2018) ("The doctrine of absolute prosecutorial immunity protects any prosecutorial actions that are intimately associated with the judicial phase of the criminal process." (citations and internal quotation marks omitted)); *Miller v. City of Boston*, 297 F. Supp. 2d 361, 370 (D. Mass. 2003) (noting that such immunity extends "to actions that occur prior to a formal court proceeding and outside of a courtroom"). To the extent that the plaintiff brings claims against Knox County based on Ferneld's alleged wrongdoing, she does not identify a municipal policy or custom that caused her injury, as is required for such a claim. *See Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (holding "that a municipality may not be held liable under [42 U.S.C.] § 1983 solely because it employs a tortfeasor" and that a person "seeking to impose liability on a municipality" must "identify a municipal 'policy' or 'custom' that caused" her injury). Accordingly, the plaintiff's claims against Ferneld and Knox County should be dismissed.

### B. State of Maine & FBI

The State of Maine and the FBI are also immune from suit. *See Anderson v. Dep't of Health & Hum. Servs.,* No. 1:16-cv-00624-JDL, 2016 WL 7494853, at *2 & n.3 (D. Me. Dec. 30, 2016) (rec. dec. *aff'd,* Feb. 6, 2017) ("The State of Maine is immune under the Eleventh Amendment from suits brought by citizens in federal court, regardless of the form of relief requested[,]" except in those cases where the State has waived its immunity.); *Chandler v. Greater Bos. Legal Servs.*, Civil Action No. CIV.A. 13-12979-GAO, 2013 WL 6571938, at *4 (D. Mass. Dec. 10, 2013) ("It is well-settled that under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued."). Nothing in the plaintiff's

complaint indicates that the State's or the FBI's general immunity has been waived, and, as such, the plaintiff's claims against them should be dismissed.

### C. Ethan Shaw

As a threshold matter, the plaintiff's claims against Ethan Shaw are seemingly fantastic and delusional.  *See* Complaint at 5-6; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (noting that a dismissal for "frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").  Even setting issues of incredible or irrational allegations aside, however, the plaintiff has failed to plead enough facts relating to the alleged harm caused by Ethan Shaw to "state a claim to relief that is plausible on its face[.]"  *Twombly*, 550 U.S. at 570.  Accordingly, the plaintiff's claims against Ethan Shaw should be dismissed.

### D.  Remaining Defendants

The plaintiff makes no specific allegations about the remaining defendants named in her complaint.  *See* Complaint at 2-6.  Because the court's "duty to be less stringent with *pro se* complaints does not require [it] to conjure up unpled allegations[,]"  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation and internal quotation marks omitted), the plaintiff has failed to state a claim as to the remaining defendants and her claims against them should be dismissed.

### IV. Conclusion

For the foregoing reasons, I recommend that the court **DISMISS** the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of November, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge